IN THE US DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

05 MAY -9 AM 9:19

C. Auston
DEPUTY CLERK

**Karen M Owens**
 **Plaintiff,**

Civil Case No.: 5:04–CV–108(CAR)

**John E Potter**
 **Defendant,**

## RECONSIDERATION TO REOPEN DISCOVERY

Plaintiff was compelled to prosecute this case in Federal Court because due process in the South GA District was nonexistent. Redress was controlled by the individuals who were a party to acts of discrimination and discipline instituted against the Plaintiff to deny due process in an Administrative forum. As a ProSe Plaintiff, my concern and focus is to be afforded due process in every phase of this litigation. However, my due process rights have been abridged by Defense Counsels actions and inactions both the Planning and Scheduling of Discovery and Discovery process.

Legally educated Counsel's violations of the Federal Rules of Civil Procedures, the Federal Rules of Evidence, and the Local Rule 83.2.1 Standards For Professional Conduct are inexcusable.

The Court, in its February 9, 2005 Order, failed to acknowledge the following violations of Assistant U S Attorney Robert McCullers.

1. On May 28, 2004, while being cognizant of Plaintiff's work constraints, Defense Counsel filed a Unilateral Proposed Scheduling and Discovery Plan alleging a failure to cooperate.

2. Attorney McCullers failed to fully satisfy the requirements of Federal Rules 16 and 26 by only setting case time lines without discussion of the nature and basis of claims and defenses and the possibilities for prompt settlement or resolution between the parties. Plaintiff's case was transferred to the Middle GA District in April 2004 however, the communication of Defense Counsel's position and defenses were only disclosed to Plaintiff on 5/01/05 in his premature Motion for Partial Dismissal and or Partial Summary Judgment dated 4/29/05.

3. During a 30-day extension granted to the Plaintiff by the Court for Joint Proposed Scheduling/Discovery, Attorney McCullers and the Court failed to provide prior and any notification of his unavailability due to military duty. This information was derived from Counsel's voicemail after his absence had begun.

4. Attorney McCuller's unavailability and failure to timely complete and file the Joint Proposed Scheduling/Discovery Plan yielded the Court's issuance a Show Cause Order only to the Plaintiff threatening dismissal of lawsuit, possible contempt of court sanctions (Rule 37 (b)(2)(D) and related expenses including attorney's fees (Rule 16(f)). The Court, in its Show Cause Order, then errantly deemed the Restoration of 18 days it granted as a second extension of time, when in fact, it was not.

5. On July 28, 2004, Defense Counsel did not file the document Plaintiff submitted and signed her name to. Counsel filed what should have been a deleted revised document as the document Plaintiff authorized when it was not. He further did not correct this mistake or document its existence to the Court.

6. Attorney McCullers August 27, 2004 filing of the modifications stipulated by the Court denied the Plaintiff a review, notification, and input of the 7 individuals who would be deposed as now stipulated by this modification.

Attorney H. Randolph Aderhold has misled and misinformed the Court regarding his cooperation with the Plaintiff. Counsel professes numerous attempts at cooperating when, he has in fact, engaged in acts to halt rather that facilitate the progression of Plaintiff's Discovery. Defense Counsel's Discovery proceeded while he used his knowledge of the law and Plaintiff's lack of knowledge and legal training to effectively stop Plaintiff from initiating document disclosure to prepare her case, conduct depositions/interrogatories and prepare for her upcoming deposition.

Defense Counsel did the following:

1. Ignored her request to verify receipt of the fax sent 11/15/04. Correction of the 10 document request limit and question format would have allowed Discovery for the Plaintiff to progress rather than stopping it dead in its tracks.

2. On 11/29/05 he engaged in deception by only acknowledging receipt of fax containing the request for the correction of the Final Proposed Scheduling and Discovery Order.

3. 12/20/04 he cites Local Rule 34 precluding his response because Plaintiff exceeded the limit of 10 requests. He responds to Plaintiff's Motion to Compel with the issuance of a subpoena on 12/22/04 alleging the Plaintiff left him no choice. Hangs Plaintiff up in legal research to respond to the case sites Defense Counsel referenced in his response to Plaintiff's Motion for Appointment Of An Attorney.

4. Counsel scheduled deposition for January 13, 2005. Then he designated January 11, 2005 as the only day possible in his schedule that Plaintiff could review and copy unspecified documents.

5. January 18, 2005 ended Discovery and Defense Counsel had not made any disclosure of Plaintiff's requested Motions for Discovery beginning 11/15/04.

Between 133- 134 days have elapsed and Plaintiff is still awaiting Disclosure of documents requested on 11/15/05. Plaintiff has not been afforded true Discovery. Material facts were received past the deadline which precluded the Plaintiff from being able to prepare her case based upon material facts not supposition. Reconsideration for reopening Discovery is being requested of the Court.

Given this 8th day of May 2005.

Karen M Owens, Plaintiff