IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREN M. OWENS, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | 5:04-CV-108 (CAR) |
| : | |
| JOHN E. POTTER, : | |
| Postmaster General, : | |
| : | |
| Defendant. : | |

*ORDER ON PLAINTIFF'S CLAIMS*

This case arises out of alleged gender and race discrimination and retaliation against Plaintiff in her workplace at the United States Postal Service on College Street in Macon, Georgia, where she was employed for ten months from 1997 to 1998. Two pretrial conferences have been held and trial is scheduled for November 28, 2005. This Order addresses Plaintiff's attempt to add new legal claims to her case through the proposed pretrial order and through her statements at the two pretrial conferences. Defendant has filed a brief on this matter [Doc. 99], which the Court construes as a Response, and Plaintiff has filed a Reply [Doc. 102]. For the reasons set forth below, this Court concludes that Plaintiff may not add new legal claims to her case.

**BACKGROUND**

In July of 2003 Plaintiff, acting pro se, filed the present lawsuit using a form Title VII complaint [Doc 18].[1] The form complaint contains boilerplate language stating: "This action is

---

[1] Plaintiff filed the complaint in the Northern District of Georgia. The case subsequently was transferred to this Court on April 8, 2004.

brought pursuant of [sic] Title VII of the Civil Rights Act of 1964 for employment discrimination." The form also directs Plaintiff to provide a narrative statement "describ[ing] the discriminatory actions or events" that form the basis of the complaint.

Plaintiff's narrative statement describes the events that occurred at her workplace that led to her termination. In particular, the narrative statement describes several improvements to the operation of the College Street Post Office instrumented by Plaintiff. The statement goes on to chronicle the misconduct of other employees and the disparate treatment of those employees by management. The statement then identifies several episodes of harassment suffered by Plaintiff at her place of employment.

On March 5, 2004, Plaintiff filed her initial disclosures [Doc. 18], again using a form document. Paragraph one of the form asks Plaintiff to state the cause of action raised in the complaint and to give a brief statement of the legal issues in the case. In response to this direction, Plaintiff wrote: "Title VII Complaint - Employment Discrimination[;] Civil Rights Action of 1866 (Section 1981)[;] Violation of FMLA[;] Wrongful Discharge." Paragraph two of the form asks Plaintiff to describe in detail all statutes, regulations, case law, and legal principals applicable to the lawsuit. In response, Plaintiff listed a multitude of statutes, regulations, and legal principles. Some of her references are specific (e.g., "Violation of 29 CFR Section 1614.108(b), Conflict of Interest"), while many are general (e.g., "Denial of Due Process").

Discovery ended on January 18, 2005. On June 9, 2005, nearly six months after discovery ended and almost two years after the suit was filed, Plaintiff filed a motion seeking leave to amend her lawsuit [Doc. 75]. Plaintiff's proposed amended complaint sought to add several claims, including claims of fraud and breach of contract. Nowhere did it mention a due

process claim.  The Court denied Plaintiff's motion to amend [Doc. 83], reasoning that the interests of justice would not be served by granting the motion since the claims Plaintiff sought to add were based on information that had been available to Plaintiff for a substantial period of time, and since Defendant would be prejudiced in his ability to adequately defend the lawsuit if leave to amend were granted.  The Court further reasoned that allowing Plaintiff to amend her complaint well after the discovery period had ended would require discovery to be reopened and ultimately would delay the final resolution of the lawsuit.

      The Court held a pretrial conference on August 30, 2005.  To the proposed pretrial order Plaintiff attached a summary of her claims, marked "Plaintiff's Attachment A."  The summary, which is not entirely clear, is almost identical in its wording to Plaintiff's proposed amended complaint.  In it, Plaintiff states that she is asserting claims under Title VII, the Family Medical Leave Act, the Postal Reorganization Act, and the Inspector General Act.  Plaintiff also appears to assert claims for fraud and breach of contract.  At the pretrial conference, the Court noted that Plaintiff's summary of claims was unclear and that some of Plaintiff's claims were not legal causes of action.  The Court, therefore, directed Plaintiff to clarify her claims and return for a follow-up pretrial conference on September 27, 2005 [Doc. 91].

      At the follow-up pretrial conference, Plaintiff submitted another summary of her claims.  This summary, which also was unclear, appears to assert a due process claim and several claims under Title VII.  When asked about her claims, Plaintiff stated that in addition to her Title VII claims, she intended to assert claims for denial of due process, fraud, and breach of contract.

      Plaintiff now argues that she should be permitted to proceed with her additional claims because they were raised in her complaint or were incorporated into her complaint through her

initial disclosures. In the alternative, Plaintiff seeks leave to amend her complaint under Rule 15(a) to incorporate these new claims.

## DISCUSSION

### Complaint

Plaintiff first argues that she should be permitted to proceed with her due process, fraud, and breach of contract claims because they were raised in her complaint. The contents of a complaint are dictated by Federal Rules of Civil Procedure 8 and 9. Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The allegations in the narrative statement in Plaintiff's complaint do not satisfy Rule 8(a). Furthermore, they cannot be said to have put Defendant on notice of Plaintiff's claims of denial of due process, fraud, or breach of contract. Any reference to such claims is cursory at best. Furthermore, nowhere in the complaint or narrative statement does Plaintiff indicate that the allegations supporting her Title VII claim somehow raise a separate claim for relief.

Plaintiff argues that her complaint stated a claim for fraud because it referred to the Letter of Warning that Defendant issued to Plaintiff. While the narrative statement does allege that Defendant issued a Letter of Warning containing false statements, Plaintiff's allegations do not amount to a claim for fraud; rather, they are evidence that her termination was pretextual. Furthermore, Plaintiff failed to plead the fraud claim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

Plaintiff also argues that she alleged a due process claim in the last paragraph on page six of her complaint.  However, the words "due process" appear nowhere in that paragraph.  Furthermore, after scrutinizing the paragraph, the Court does not see any information that would have put Defendant on notice that Plaintiff was raising a due process claim.

Though courts are encouraged to construe the pleadings of a pro se plaintiff broadly, see Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."), a court normally will not rewrite deficient pleadings or circumvent the federal rules of civil procedure for a pro se litigant. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); cf. Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (dismissing the claims of a pro se litigant as time barred and stating that "liberal construction does not mean liberal deadlines."). Moreover, while the Court acknowledges that form pleadings are fairly inflexible, are not tailored to a plaintiff's individual situation, and don't provide room for a plaintiff to explain his or her answers, the Court also recognizes that a plaintiff's complaint must meet some minimum threshold of providing a defendant with notice of the claims against him.  See Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Because the Court finds that Plaintiff's cursory references to denial of due process, fraud, and breach of contract do not comply with Rules 8 and 9 of the Federal Rules of Civil Procedure and were insufficient to put Defendant on notice of such claims, the Court finds that those claims do not form a part of Plaintiff's complaint.

**Initial Disclosures**

Plaintiff next argues that her initial disclosures, filed some eight months after the complaint, incorporated her due process, fraud, and breach of contract claims into her case. In particular, Plaintiff asserts that her initial disclosures put Defendant on notice of these additional claims.

As a threshold matter, the Court notes that initial disclosures are not "pleadings." See Fed. R. Civ. P. 7 (a) (listing the types of pleading as "a complaint and an answer; a reply to a counter-claim ... ; an answer to a cross-claim ... ; a third-party complaint ... ; and a third-party answer). Rather, initial disclosures are a discovery tool, used to identify to the opposing party the factual and legal bases for the claims appearing in the complaint.

Federal Rule of Civil Procedure 26(a)(1) governs initial disclosures. It states that initial disclosures are mandatory and provides the time, method, and subject matter for such disclosures. The advisory committee notes to Rule 26(a)(1) provide that the purpose of initial disclosures is to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a)(1) advisory committee note (1993 Amendment, sub. (a)). Nowhere in the rule itself or the advisory committee notes that follow are the initial disclosures described as a mechanism for adding claims to a lawsuit or amending a complaint. Furthermore, the Court could find no case in which a court accepted allegations appearing in a plaintiff's initial disclosures as amending a plaintiff's complaint or as putting a defendant on notice of additional claims.

Allowing Plaintiff to add new claims to this already complex lawsuit simply because she vaguely alluded to them in her initial disclosures would contravene the purpose of initial disclosures and would prejudice Defendant's ability to adequately defend the claims against him.

Plaintiff's first mention of her due process, fraud, and breach of contract claims appears in a response to a question about the law applicable to Plaintiff's claims.  Such a vague allusion to these additional claims cannot be said to have put Defendant on notice of such claims. Consequently, the initial disclosures did not incorporate Plaintiff's claims for denial of due process, fraud, and breach of contract into her complaint.  Accordingly, those claims do not form a part of Plaintiff's lawsuit.

### Rule 15(a)

Since the additional claims were neither alleged in Plaintiff's complaint nor incorporated into Plaintiff's complaint through her initial disclosures, they will be accepted only if Plaintiff is permitted to amend her complaint.

Plaintiff has once before moved the Court to amend her complaint [Doc. 75].  Plaintiff's previous motion to amend sought to add many of the same claims that Plaintiff now seeks to add through the proposed pretrial order and through her comments at the two pretrial conferences. The Court previously denied Plaintiff's motion to amend on the grounds that the claims Plaintiff sought to add were based on information that had been available to Plaintiff for a substantial period of time.  The Court also recognized that allowing Plaintiff to amend her complaint would prejudice Defendant's ability to adequately defend the lawsuit.

After considering Plaintiff's present motion to amend, the Court sees no reason why it should reverse its earlier ruling denying Plaintiff leave to add legal claims to her case.  In fact, the reasons underlying the Court's denial of Plaintiff's earlier motion to amend are even stronger here, since trial is scheduled to take place in a few weeks.

### CONCLUSION

For the foregoing reasons, Plaintiff may not now add new legal claims to her lawsuit. Consequently, Plaintiff may pursue only the following claims at trial:

**1.     Title VII Race Discrimination Claim**

**2.     Title VII Gender Discrimination**

**3.     Title VII Hostile Work Environment**

**4.     Title VII Termination**

**5.     Title VII Retaliation**

The Court notes, however, the conduct underlying Plaintiff's due process, fraud, and breach of contract claims may be relevant to Plaintiff's Title VII claims. Consequently, this Order does not foreclose Plaintiff from introducing evidence of such conduct at trial as it relates to her Title VII claims.

**SO ORDERED** this 24th day of October, 2005.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

AEG/ssh