IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREN M. OWENS            ) | |
|                  Plaintiff,            ) | |
| v.            ) | Civil Action No.: 5:04-CV-108 (CAR) |
| JOHN E. POTTER,            )<br>POSTMASTER GENERAL            ) | |
|                  Defendant.            ) | |

*ORDER ON MOTION TO REOPEN DISCOVERY / MOTION FOR RECONSIDERATION*

Before the Court is Plaintiff's filing entitled: "Lack of Opportunity [t]o Get Depositions [f]rom Witnesses Prior [t]o Trial." [Doc. 103]. In the filing Plaintiff argues that she was unable to depose certain unnamed witnesses within the discovery period, which expired on January 18, 2005. To the extent that Plaintiff seeks leave of court to depose witnesses some ten months after the expiration of the discovery period, the Court will construe Plaintiff's filing as a Motion to Reopen Discovery. Plaintiff's filing also moves the Court to reconsider the Court's denial of Plaintiff's Motion to Amend. [Docs. 75, 83]. As such, the Court also will construe the filing as a Motion for Reconsideration. Defendant has responded to Plaintiff's filing by a letter to the Court. [Doc. 104]. For the reasons set forth below, the court **DENIES** Plaintiff's motions.

## BACKGROUND

This case involves an employment discrimination claim brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case's discovery history is long and contentious. During the course of the discovery period, Plaintiff sought several extensions of time to complete certain tasks and made numerous demands on Defendant for certain documents.

The Court generously allowed Plaintiff several extensions, but Plaintiff repeatedly failed to make effective use of such extensions. The Court also instructed Defendant's counsel in written orders to cooperate in every way possible with Plaintiff, and Defendant went above and beyond his duty to do so. Defendant copied significant numbers of pages and documents at no expense to Plaintiff and provided Plaintiff with all the discovery material she requested, including some material to which Plaintiff was not entitled.

Discovery ended in this case on January 18, 2005. Prior to the end of the discovery period, Plaintiff made several requests to extend the discovery period. In an order entered on December 20, 2004, nearly one month before the discovery period ended, the Court denied Plaintiff's request on the grounds that Plaintiff had failed to use the discovery period wisely.

## DISCUSSION

### 1. Motion to Reopen Discovery

Plaintiff now seeks to reopen discovery in order to depose witnesses; however, Plaintiff's filing does not provide the names of the witnesses Plaintiff seeks to depose. The main thrust of Plaintiff's argument is that discovery should be reopened because she was unable to depose the witnesses prior to the expiration of discovery because Defendant withheld documents from her. Plaintiff does not, however, specify what information was withheld that prevented her from discovering the identities of these witnesses prior to the expiration of the discovery period.

A district court has discretion in determining whether to reopen discovery. Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999). Courts have considered several factors in reviewing motions to reopen discovery, such as whether trial is imminent, whether the request is opposed, whether the non-moving party would be prejudiced and whether the moving party was diligent in obtaining discovery. Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987);

accord Childers v. Slater, 197 F.R.D. 185, 188 (D.D.C. 2000).  A motion to reopen discovery may properly be denied when significant discovery has been obtained and further discovery would not be helpful.  Artistic Entertainment, Inc. v. City of Warner Robins, 331 F.3d 1196, 1202 (11th Cir. 2003).

Plaintiff has failed to convince the Court that it should exercise favorable discretion and reopen the discovery period to allow her to take additional depositions.  Plaintiff has not identified the witnesses she wishes to depose and has not established that the identities of these witnesses were unknown to her prior to the expiration of the discovery period.  Furthermore, with trial just weeks away, reopening the discovery period would prejudice Defendant and would unduly delay the disposition of this case.  Finally, to the extent that Plaintiff argues that Defendant withheld documents from her, the Court was involved in the discovery process and is satisfied with Defendant's discovery production, even if Plaintiff is not.  Defendant went above and beyond the call of duty in producing more discovery than Plaintiff was entitled to and did so in as timely a manner as possible.  While Plaintiff may have received some documents from Defendant after the expiration of the discovery period, the Court does not see how any such documents revealed the identities of any new witnesses previously unknown to Plaintiff.  Accordingly, Plaintiff's Motion to Reopen Discovery is **DENIED**.

       **2.**      **Motion for Reconsideration**

Plaintiff also moves the Court to reconsider its Order [Doc. 83] denying her Motion to Amend [Doc. 75].  The decision to reconsider a non-final judgment is within the sound discretion of the district court.  Region 8 Forest Servs. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993).  Reconsideration of a court's previous order is an

extraordinary remedy, and should be employed sparingly.  Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003).  Reconsideration is appropriate "only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties [at the time the original order was entered], or (3) that the court made a clear error of law." McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).  Consequently, a motion for reconsideration "does not provide an opportunity to simply reargue an issue the [c]ourt has once determined."  Hood, 278 F. Supp. 2d at 1340.  "Court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.' " Id.

In the instant case, plaintiff has articulated no reason for the Court to reconsider its previous order.  Rather, she simply asserts that the Court's denial of her Motion to Amend was wrongly decided.  Specifically, Plaintiff argues that Defendant would not have been prejudiced had the court granted her Motion to Amend.  Plaintiff's argument is nothing more than an additional argument that could have been raised in her original motion to amend.  As such, it is insufficient to support the extraordinary remedy of reconsideration.

Because Plaintiff has given no reason for the Court to employ the extraordinary remedy of reconsidering its previous Order on her Motion to Amend, Plaintiff's Motion for Reconsideration is **DENIED**.  Furthermore, having recently revisited the issue of whether Plaintiff may amend her complaint, the Court refers Plaintiff to its Order on Plaintiff's Claims.

**CONCLUSION**

For the aforementioned reasons, Plaintiff's Motion to Reopen Discovery and Plaintiff's Motion for Reconsideration [Doc. 103] are **DENIED**.

The Court once again reminds Plaintiff that the Court does not look favorably on motions that unnecessarily delay litigation or hamper the Court's docket or have no basis in law.  Plaintiff has expended an inordinate amount of the Court's time and attention because of her incessant filing with the Court any time she does not like the present situation.  The Court repeatedly has cautioned Plaintiff to refrain from presenting anything to the Court that violates Federal Rule of Civil Procedure 11 and has warned Plaintiff that it may seek to impose sanctions against her for improper use of the courts.  The Court has even provided Plaintiff with a photocopy of the text of Rule 11.

The Court recognizes that Plaintiff is pro se and has faced the usual challenges that go along with representing oneself.  The Court thus far has been very patient with Plaintiff and has given her a number of second chances.  The Court, however, stresses that its patience is wearing thin.  In the future, Plaintiff should seriously consider whether her filings have a factual and legal basis before she files them with the Court.  Plaintiff's failure to do so may result in sanctions.

 **SO ORDERED** this 24th day of October, 2005.

>                               S/ C. Ashley Royal
>                               C. ASHLEY ROYAL
>                               United States District Judge

AEG/ssh/cew